## Appeal of Gerald Buckley Post No. 1507

*Everett A. Rosser* and *Frank McDonald*, for appellant.

*Peter P. Yurchak*, for Liquor Control Board.

HOBAN, J., April 17, 1946.—The Pennsylvania Liquor Control Board refused to grant a club liquor license to appellant. By stipulation the matter was submitted to this court on appeal upon the petition and upon the record established in the hearing before the liquor control board. It appears from the proceedings to date that the only reason for refusing this license was that the board considered the application to be governed by the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §§ 774-1002.

While it is recognized that under the provisions of the liquor laws providing for the granting of licenses for the sale of liquor, the issue of a license to a club is discretionary with the Pennsylvania Liquor Control Board, (Act of November 29, 1933, P. L. 15, sec. 403, as amended by the Act of June 16, 1937, P. L. 1762, 47 PS §744-403) we are of the opinion that a refusal to issue a club liquor license to an applicant, otherwise qualified, for this sole reason is an abuse of discretion. It is a familiar principle, of course, that discretion vested in public agencies must not be exercised in an arbitrary or unreasonable manner and that an exercise in such manner is an abuse of discretion and will not be countenanced by the courts.

In the Appeal of Lithuanian Beneficial Association, to no. 284, May sessions, 1940, this court fully considered the effect of the provisions of the restrictions in the Quota Law so far as bona fide clubs are concerned, and there we reached the considered opinion that the limitations imposed by the Act of 1939 on the issue of liquor licenses as governed by the population within a locality, did not apply to club licenses. This court has consistently adhered to this position in every case which has been presented to it: Appeal of Willow Club, no. 42, October sessions, 1941; Appeal of Men's Club of St. Michael's Russian Orthodox Church, no.

162, October sessions, 1943; Appeal of Drake Post 513 American Legion, no. 185, October sessions, 1944, 45 Lack. Jur. 213; Appeal of Peerless Club, no. 179, October sessions, 1944; Appeal of Apawana Golf Club, no. 26, April sessions, 1945.

It would seem that the Pennsylvania Liquor Control Board cannot be ignorant of the fact that this court considers that the refusal to grant club liquor licenses for the sole and only reason that the liquor board counts the license as included within the provisions of the Act of 1939, is in the opinion of this court a clear abuse of the discretion vested in it by law. If the board cannot secure a different interpretation of the law from our appellate courts, or a clarification by the Legislature, it must recognize that the interpretation given to the statute by the courts of Lackawanna County is the law so far as this county is concerned. The evasion of the law as thus determined by the refusal to grant club licenses to bona fide clubs, otherwise qualified therefor, puts the applicants to the unnecessary and unwarranted expense of appeal and involves to such applicants unwarranted delay in the exercise of privileges common to associations of their nature. The Court of Common Pleas of Luzerne County has had recent occasion to comment on this practice of the liquor control board. See Appeal of Andrew Lawrence Post No. 644 American Legion, no. 145, April sessions, 1946, Quarter Sessions Court of Luzerne County. As stated therein:

"Such action amounts to continued refusal to recognize the authority of all of the judges of this court. It would seem to be more in keeping with law and good practice for the board to grant such licenses in this county, at least until such time as the Legislature has amended the act in question, or the board has devised a method of having our decision reviewed by some

higher authority. At the present time the decision of the board now before us is wholly without justification."

Now, April 17, 1946, the appeal is sustained and it is ordered that a license be granted to the appellant.